UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLENN MARR, ) | |
| ) | |
| Plaintiff, ) | 3:06-CV-00354-LRH-RAM |
| ) | |
| v. ) | |
| ) | ORDER |
| PETER ANDERSON, CLAIR ) | |
| MENDENHALL, JOSEPH WULFKUHLE, ) | |
| ROBERT ASHWORTH, MICHAEL ) | |
| DONDERO, PETER CANNIZARRO, ALAN ) | |
| BIAGGI, and SIM COM INTERNATIONAL ) | |
| INC., a Florida corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Presently before the court is defendant Clair Mendenhall's ("Mendenhall") Motion to Dismiss (#22[1]). No opposition has been filed. Also before the court is Mendenhall's Motion to Strike (#25). Defendants Peter Anderson, Robert Ashworth, Michael Dondero, Peter Cannizzaro, Allen Biaggi (collectively, "State Defendants"), Joseph Wulfkuhle ("Wulfkuhle"), and Sim Com International, Inc. have filed joinders (##28, 32, 37) in the motion to Strike. Plaintiff, Glenn Marr ("Marr") has filed an opposition (#26), and Mendenhall replied (#29).

Next, Marr has filed a Motion for Order Granting Leave to Serve and File Second Amended

---

[1]Refers to the court's docket number.

Complaint (#27). Mendenhall has filed an opposition (#30). No reply was filed. Finally, before the court is Marr's motion to file a third amended complaint (#41). Mendenhall, Wulfkuhle, and the State Defendants have filed oppositions (#42, 43), and Marr replied (#44).

**I. Factual and Procedural Background**

Marr filed this action seeking damages arising out of his termination from employment for allegedly exercising his First Amendment right to speech. During the period relevant to this action, Marr worked as a pilot for the Division of Forestry. In 2005, Marr allegedly learned that the number of pilots and the number of pilot hours were going to be reduced. According to the Amended Complaint, Marr spoke out against this action though his supervisor, Chief Pilot Pat Ross, and stated that the limitations on air operations to suppress fires was a danger to natural resources and to the lives, safety and property of citizens. On June 28, 2005, Peter Anderson, the State Forrester and Fire Warden for the State of Nevada, placed Marr on administrative leave pending an investigation regarding an allegedly false accusation that Marr asserted violence against Wulfkuhle, an employee of the United States Department of Interior, Bureau of land Management. On October 10, 2005, Marr was terminated. Marr subsequently filed this action asserting causes of action for First Amendment retaliation and defamation.

On November 20, 2006, Mendenhall filed the present motion to dismiss arguing that the amended complaint alleges no facts that would overcome Mendenhall's qualified immunity from suit. Rather than filing an opposition, Marr, on November 28, 2006, filed a Second Amended Complaint. The purpose of the Second Amended Complaint was to clarify the allegations against Mendenhall and Wulfkuhle. On December 4, 2006, Mendenhall filed a motion to strike the Second Amended Complaint arguing that Marr filed the Second Amended Complaint improperly by not first obtaining leave of this court. In response to this motion, Marr filed an opposition and a motion seeking leave to file the second amended complaint *nunc pro tunc*. On July 11, 2007, Marr filed a motion seeking leave to file a third amended complaint to add a 42 U.S.C. § 1983 claim alleging

age discrimination under the Equal Protection clause.

## II. Legal Standard

### A. Motion to Amend

Federal Rule of Civil Procedure 15(a) provides that a party may amend their complaint once "as a matter of course" before a responsive pleading is served. Fed. R. Civ. P. 15(a). After that, the "party may amend the party's pleading only be leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a); *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997); *DCD Program, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15 – to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Program*, 833 F.2d at 186 (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality" insofar as the motion to amend is not sought in bad faith, does not cause the opposing party undue delay, does not cause the opposing party undue prejudice, and does not constitute an exercise in futility. *Id*. at 186.

### B. Motion to Dismiss

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether [he or she] is entitled to offer evidence in

3

1 support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Consequently, the court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995).

**III. Discussion**

    **A. The Third Amended Complaint**

The court will first consider Marr's motion to file a third amended complaint. Marr's proposed third amended complaint seeks to add a cause of action for age discrimination under the Equal Protection Clause pursuant to 42 U.S.C. § 1983. The State Defendants oppose the motion arguing that amendment is futile because the majority of courts have concluded that claims of age discrimination may not be brought pursuant to 42 U.S.C. § 1983. Mendenhall and Wulfkuhle argue that the amendment should not be allowed because it does not state a claim against either defendant.

42 U.S.C. § 1983 provides a statutory basis to receive a remedy for a deprivation of a right "secured by the Constitution and laws" of the United States by a person acting under color of state law. However, a Section 1983 action may be precluded when the remedial devices of a particular statute are sufficiently comprehensive so as to demonstrate congressional intent to preclude such a remedy. *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981). "In determining whether an act subsumes a section 1983 action, the court must determine whether Congress intended that act to supplant any remedy that would otherwise be available under section 1983. Such Congressional intent may be found directly in the statute creating the right or inferred when the statutory scheme is incompatible with individual enforcement under section 1983." *Alexander v. Underhill*, 416 F.Supp.2d 999, 1005 (D. Nev. 2006) (citations omitted).

The Ninth Circuit has not considered whether Section 1983 is subsumed by the Age

Discrimination in Employment Act ("ADEA").  However, the majority of courts to address the issue, including the Fourth, Fifth, and Tenth Circuits, have concluded that the ADEA is the exclusive federal remedy for age discrimination.  *See, e.g.*, Zombro *v. Baltimore City Police Dep't*, 868 F.2d 1364, 1369 (4th Cir. 1989); *Migneault v. Peck*, 158 F.3d 1131, 1140 (10th Cir. 1998), *abrogated on other grounds by Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000); *Lafleur v. Texas Dept. of Health*, 126 F.3d 758, 760 (5th Cir. 1997).  Marr, on the other hand, cites *Mustafa v. State of Nebraska Dep't of Correctional Services*, 196 F.Supp.2d 945 (D. Neb. 2002) for the proposition that a Section 1983 action is available.

Upon careful consideration, the court agrees with the Fourth, Fifth, and Tenth Circuits that the provisions of the ADEA evidences congressional intent to foreclose actions for age discrimination under Section 1983.  "The ADEA provides a comprehensive statutory scheme to prohibit discrimination in employment on the basis of age."  *Zombro*, 868 F.2d at 1366.  The ADEA is a "precisely drawn, detailed statute" that demonstrates a congressional intent to preclude a Section 1983 remedy.  *Id.* at 1369.  For these reasons, Marr's motion to file a third amended complaint will be denied as futile.

**B. The Second Amended Complaint and Mendenhall's Motion to Dismiss**

The Second Amended Complaint was filed in response to Mendenhall's Motion to Dismiss.  The proposed Second Amended Complaint elaborates on the allegedly unconstitutional conduct of Mendenhall and Wulfkuhle.  Mendenhall opposes the motion to file a second amended complaint arguing that the additional factual allegations fail to state a viable claim.

Mendenhall's pending Motion to Dismiss is based on the argument that the Amended complaint did not make any allegation regarding the unlawful conduct of Mendenhall.  The proposed Second Amended Complaint adds specific factual allegations concerning Mendenhall.  Paragraph five of the Second Amended Complaint states that Mendenhall falsely claimed that Marr had insufficient flight hours.  (Second Am. Compl. (#23) ¶ 5.)  The proposed Second Amended

5

1  Complaint continues by alleging that Mendenhall's statement led to Marr's termination. *Id*.

2      In light of the additional language of the Second Amended Complaint, Mendenhall has
3  failed to show that Marr can prove no set of facts in support of his claim which would entitle him to
4  relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The parties have not filed points and
5  authorities specifically addressing Marr's causes of action and whether the factual allegations of the
6  Second Amended Complaint state a claim upon which relief can be granted. Therefore,
7  Mendenhall's motion to dismiss will be denied, and this court will grant Marr's motion to file a
8  Second Amended Compliant. Nevertheless, the court will give Mendenhall leave to file a motion
9  to dismiss specifically addressing the new allegations contained in the Second Amended
10 Complaint.

11     IT IS THEREFORE ORDERED that Mendenhall's Motion to Dismiss (#22) is hereby
12 DENIED.

13     IT IS FURTHER ORDERED that Mendenhall's Motion to Strike (#25) is hereby DENIED.

14     IT IS FURTHER ORDERED that Marr's Motion for Order Granting Leave to Serve and
15 File Second Amended Complaint (#27) is hereby GRANTED.

16     IT IS FURTHER ORDERED that Marr's Motion to File a Third Amended Complaint (#41)
17 is hereby DENIED.

18     IT IS SO ORDERED.

19     DATED this 15th day of August, 2007.

                                                                   _____
                                                                    LARRY R. HICKS
                                                                    UNITED STATES DISTRICT JUDGE