UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLENN MARR,<br><br>  Plaintiffs,<br><br>v.<br><br>PETER ANDERSON, CLAIR MENDENHALL, JOSEPH WULFKUHLE, ROBERT ASHWORTH, MICHAEL DONDERO, PETER CANNIZARRO, ALAN BIAGGI, and SIM COM INTERNATIONAL INC., a Florida corporation,<br><br>  Defendants. | 3:06-CV-00354-LRH-RAM<br><br>ORDER |

Presently before the court is a Motion for Summary Judgment (# 38[1]) filed by defendants Peter Anderson, Robert Ashworth, Michael Dondero, Peter Cannizzaro, and Allen Biaggi (collectively, "State Defendants). Plaintiff, Glenn Marr ("Marr"), has filed an opposition (# 39), and the State Defendants replied (# 40).

**I. Factual and Procedural Background**

Marr filed this action seeking damages arising out of his termination from employment for allegedly exercising his First Amendment right to speech. During the period relevant to this action,

---
[1]Refers to the court's docket number.

Marr worked as a pilot for the Division of Forestry.  In 2005, Marr allegedly learned that the number of pilots and the number of pilot hours were going to be reduced.  According to the Amended Complaint, Marr spoke out against this action though his supervisor, Chief Pilot Pat Ross, and stated that the limitations on air operations to suppress fires was a danger to natural resources and to the lives, safety and property of citizens.  On June 28, 2005, Peter Anderson, the State Forrester and Fire Warden for the State of Nevada, placed Marr on administrative leave pending an investigation regarding an allegedly false accusation that Marr asserted violence against Wulfkuhle, an employee of the United States Department of Interior, Bureau of land Management.  On October 10, 2005, Marr was terminated.  Marr subsequently filed this action asserting causes of action for First Amendment retaliation and defamation.

**II.  Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).  For those issues where the moving party will not have the burden of proof at trial, the movant must point out

1  to the court "that there is an absence of evidence to support the nonmoving party's case." *Catrett*,
2  477 U.S. at 325.
3       In order to successfully rebut a motion for summary judgment, the non-moving party must
4  point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*
5  *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might
6  affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
7  242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary
8  judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute
9  regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could
10 return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a
11 scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine
12 dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at
13 252.
14 **III. Discussion**
15      On January 29, 2007, the State Defendants filed the present Motion for Summary Judgment
16 arguing that the complaint fails to state a violation of First Amendment rights because Marr's
17 speech concerned matters related to his work. Alternatively, the State Defendants argue that they
18 are entitled to Qualified Immunity. Marr opposes the motion arguing that there is no evidence as to
19 whether Marr's speech was pursuant to his job duties and that discovery should continue in order to
20 determine the contours of Marr's job duties.
21      To succeed on a First Amendment retaliation claim, Marr has the "initial burden to
22 demonstrate that (1) he was subjected to an adverse employment action, such as being denied a
23 benefit or privilege . . . , (2) he engaged in speech that was constitutionally protected because it
24 touched on a matter of public concern and (3) the protected expression was a substantial motivating
25 factor for the adverse action." *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 976 (9th
26

3

1 Cir. 2002) (citing *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000)).  At issue for purposes of the present motion is whether Marr engaged in constitutionally protected speech. Specifically, the parties dispute whether Marr spoke as a concerned citizen or pursuant to his official duties.

In *Garcetti v. Ceballos*, the Supreme Court held, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." 126 S.Ct. 1951, 1960 (2006).  The question of "[w]hether a public employee's speech addresses a matter of public concern is a question of law." *Ceballos v. Garcetti*, 361 F.3d 1168, 1173 (9th Cir. 2004).  To determine if an employee's speech addresses a matter of public concern, courts look at the "content, form and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 147-48 (1983).  "If employee expression relates to an issue of 'political, social, or other concern to the community,' it may fairly be said to be of public concern." *Brewster*, 149 F.3d at 978 (quoting *Connick*, 461 U.S. at 146.).  "On the other hand, speech that deals with 'individual personnel disputes and grievances' and that would be of 'no relevance to the public's evaluation of the performance of governmental agencies' is generally not of 'public concern.'" *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003).

In this case, the State Defendants have provided evidence of Marr's speech.  Specifically, the evidence shows that Marr

> spoke to Defendants Bianchi, Anderson, Ashworth, Dondero and Cannizarro directly and through his supervisor, Chief Pilot Pat Ross, that limitations on air operations would endanger natural resources, lives and property.  This speech began in February of 2005 and continued through August of 2005.  Plaintiff also spoke to Senator Mark Amodei regarding this issue.

(State Defs.' Mot. for Summ. J. (# 38), Pl.'s Answer to First Set of Interrogs., Ex. 1 at 4.)  At this time, however, it is unclear whether Marr's speech was pursuant to his official duties.  There is no

4

1  evidence that Marr's position as a pilot included expressing his views to co-employees and
2  supervisors concerning work-related policies. Therefore, there is a genuine issue of material fact as
3  to whether Marr was speaking as a citizen or as an employee when he made the statement. As
4  such, summary judgment will be denied. Nevertheless, the court recognizes that discovery has not
5  yet concluded. Thus, the court will consider a motion for summary judgment filed after the
6  conclusion of discovery.

7  In addition to arguing that Marr did not engage in speech as a concerned citizen, the State
8  Defendants argue that they are entitled to qualified immunity. Marr, on the other hand states that a
9  reasonable person would have known that they were violating Marr's First Amendment rights.

10  In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court established a two-step
11  evaluation of qualified immunity, which has also been adopted by the Ninth Circuit. *See, e.g.*,
12  *Johnson v. County of Los Angeles*, 340 F.3d 787, 791 (9th Cir. 2003); *Jackson v. City of*
13  *Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). The first step taken by the court is to determine
14  whether a constitutional violation has been established. *Saucier*, 533 U.S. at 201. If the court finds
15  that a constitutional violation has been established, the second step of the *Saucier* analysis requires
16  the court to determine whether the officer is entitled to qualified immunity. *Johnson*, 340 F.3d at
17  791-92. As part of its qualified immunity analysis, the court should consider whether the law
18  governing the conduct was clearly established when the conduct occurred. *Robinson v. Solano*
19  *County*, 278 F.3d 1007, 1012 (9th Cir. 2001) (en banc).

20  In this case, the State Defendants argue that Marr did not speak out on a matter of public
21  concern because he was speaking as an employee. The State Defendants further argue that a
22  reasonable person in the place of the State Defendants would not characterize Marr's speech as
23  First Amendment speech. At this stage in the proceedings, there is a genuine issue of material fact
24  concerning whether or not a constitutional violation occurred. As previously mentioned, there is no
25  evidence indicating whether Marr's normal job duties involved the type of speech at issue in this
26

case. Furthermore, the parties have not identified the exact substance of Marr's speech, precisely when such speech occurred, the person to whom Marr spoke, and other circumstances surrounding the speech. Finally, the parties have presented no evidence concerning whether Marr's alleged speech was a substantial motivating factor in his termination. In light of the current record, the court is not in a position to rule on the question of qualified immunity at this time. As such, the State Defendants' motion for summary judgment will be denied.

IT IS THEREFORE ORDERED that the State Defendants' Motion for Summary Judgment (# 38) is hereby DENIED. The parties may, however, file a subsequent motion for summary judgment following the close of discovery.

IT IS SO ORDERED.

DATED this 15th day of August, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE