UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLENN MARR, | ) |
| Plaintiff, | ) 03:06-CV-00354-LRH-RAM |
| v. | ) ORDER |
| PETER ANDERSON, CLAIR MENDENHALL, JOSEPH WULFKUHLE, ROBERT ASHWORTH, MICHAEL DONDERO, PETER CANNIZARRO, ALAN BIAGGI, and SIM COM INTERNATIONAL INC., a Florida corporation, | ) |
| Defendants. | ) |

Presently before the court is a Motion for Dismissal or, in the Alternative, for Summary Judgment (# 49[1]) filed by defendants Clair Mendenhall ("Mendenhall") and Joseph Wulfkuhle ("Wulfkuhle"). Plaintiff Glenn Marr ("Marr") has filed an opposition (# 57) to which Mendenhall and Wulfkuhle replied (# 57).

///

///

///

---

[1]Refers to the court's docket number.

## I. Motion to Dismiss

### A. Factual Background[2]

Marr filed this action seeking damages arising out of his termination from employment for allegedly exercising his First Amendment right to speech. During the period relevant to this action, Marr worked as a pilot for the Division of Forestry. Mendenhall is an employee of the United States Department of Agriculture. The Second Amended Complaint identifies Wulfkuhle as an employee with the Bureau of Land Management ("BLM").[3]

In 2005, Marr allegedly learned that the number of pilots and the number of pilot hours were going to be reduced. According to the Second Amended Complaint, Marr spoke out against this action and stated that the limitations on air operations to suppress fires was a danger to natural resources and to the lives, safety and property of citizens.

In May, 2005, the United States Forest Service ("USFS") conducted aircraft inspections and approved the aircraft for interagency missions. On June 27, 2005, Marr approached Wulfkuhle and asked why the Forest Service's inspections were not accepted. Wulfkuhle indicated that a new policy required BLM to inspect the aircraft.

On June 28, 2005, Peter Anderson, the State Forrester and Fire Warden for the State of Nevada, placed Marr on administrative leave pending an investigation regarding an accusation that Marr asserted violence against Wulfkuhle during the June 27, 2005, encounter. Marr alleges this accusation was designed to provide a basis to terminate his employment. Marr's employment was terminated on October 10, 2005, for the interaction with Wulfkuhle, his alleged false reporting of his attendance at training the prior year, and the inaccuracy of his annual flight hour certification.

---

[2] The following factual background is taken from the factual allegations contained in Marr's Second Amended Complaint (# 23).

[3] Defendants indicate this designation is erroneous although Defendants agree Wulfkuhle is an employee of the United States Department of the Interior.

Marr subsequently filed this action asserting causes of action arising under 42 U.S.C. §§ 1983, 1988.

**B.  Legal Standard**

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim.  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  "The issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).  A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

**C.  Discussion**

Wulfkuhle and Mendenhall argue the Second Amended Complaint's conclusory allegations fail to allege a cognizable claim for damages.  Marr opposes the motion arguing that Wulfkuhle and Mendenhall conspired to create a false impression of the encounter with Wulfkuhle that lead to Marr's termination.  Thus, Marr argues the complaint sufficiently states a cause of action for conspiracy.

3

Marr's complaint sets forth a cause of action for civil conspiracy pursuant to 42 U.S.C. § 1983. (Second Am. Compl. (# 23) ¶ 5.) To establish a conspiracy pursuant to § 1983, Marr must show an agreement or meeting of minds to violate his constitutional rights. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989)); *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989) (citing *Fonda v. Gray*, 707 F.2d 435 (9th Cir. 1983)). The alleged conspiracy must result in an actual deprivation of a constitutional right. *Woodrum*, 866 F.2d at 1126 (citations omitted). Allegations of conspiracy must be supported by material facts as opposed to conclusory allegations. *Id*.

Paragraph five of Marr's Second Amended Complaint alleges that Wulfkuhle and Mendenhall "agreed with the other Defendants to create a false impression about an encounter between Plaintiff and Wulfkuhle in order to generate a basis to cause an adverse employment action against Plaintiff based upon his protected activity, of which these Defendants were aware." (Second Am. Compl. (# 23) ¶ 5.) The Second Amended Complaint further alleges that Marr was terminated for exercising his First Amendment rights. *Id*. ¶¶ 5, 11, 12, 23. Thus, the court finds the allegations sufficiently allege Wulfkuhle and Mendenhall entered into an agreement to violate Marr's First Amendment rights. The motion to dismiss will be denied.

**II. Motion for Summary Judgment**

**A. Factual Background**

As a motion for summary judgment requires the court to determine whether any material facts are in dispute, it is necessary for the court to address the factual background based on the evidence presented in this case. Mendenhall is employed by the U.S. Forest Service as the Regional Aviation Officer. (Decl. of Mendenhall (# 50) ¶ 1.) Prior to his position as the Regional Aviation Officer, Mendenhall was employed by USFS as the Helicopter Inspector Pilot and Helicopter Program Manager. *Id*. ¶ 4. In his capacity as USFS Helicopter Inspector Pilot and

4

1  Helicopter Program Manager, Mendenhall evaluated and approved pilots employed by cooperating
2  agencies. *Id*. ¶ 7. A pilot is required to have a minimum of one hundred hours flight time within a
3  twelve-month period to be a certified pilot. *Id.* ¶ 8. Prior to June, 2005, Mendenhall had annually
4  certified Marr as a qualified pilot. *Id*. ¶ 9.

5  Wulfkuhle is employed by the U.S. Department of the Interior ("DOI"), Aviation
6  Management Directorate, Western Regional Office, as an Aviation Safety Compliance Specialist.
7  (Decl. of Wulfkuhle (# 51) ¶ 1.) On June 27, 2005, Wulfkuhle traveled to the Minden airport to
8  conduct a technical inspection. *Id*. ¶ 6. At the airport, Marr approached Wulfkuhle and
9  aggressively asked Wulfkuhle why he was there. *Id*. ¶ 8. Wulfkuhle introduced himself to Marr
10 and informed Marr that he was there to inspect the aircraft. *Id*. ¶ 9. Marr, "in an aggressive ranting
11 manner," asked Wulfkuhle who ordered the inspection and told Wulfkuhle he was going to contact
12 his attorney if the inspection had to do with some previous incident.[4] *Id*. Wulfkuhle was surprised
13 by the conduct but was not threatened or intimidated. *Id*. Wulfkuhle does not recall any other
14 interactions with Marr. *Id*. 16. Wulfkuhle's inspection of the aircraft revealed multiple
15 maintenance discrepancies. *Id*. ¶ 11. Wulfkuhle presented his inspection findings to Pete
16 Cannizzaro ("Cannizzaro"). *Id.* ¶ 14.

17 At the same time Wulfkuhle was conducting his technical inspection of the aircraft,
18 Mendenhall was present evaluating pilot records to determine the pilots' eligibility for annual
19 certification. (Decl. of Mendenhall (# 50) ¶¶ 10, 22.) Mendenhall's evaluation of pilots was
20 independent of the physical inspection of the aircraft. *Id*. ¶ 22. The total number of flight hours
21 reported by the three helicopter pilots exceeded the amount listed on the aircraft flight records. *Id*.
22 ¶ 13. Mendenhall requested additional documentation from Marr and the other full-time pilot to
23 explain the discrepancy. *Id*. ¶ 14. The documentation was not provided to Mendenhall while he

---

[4]No information regarding this previous incident has been provided to the court.

1 was at the airport so he disapproved certification of Marr and the other full-time pilot. *Id*.
2 Cannizzaro informed Mendenhall and Wulfkuhle that he intended to suspend aviation operations
3 until the maintenance issues and pilot issues could be resolved. *Id*. ¶ 15; (Decl. of Wulfkuhle (#
4 51) ¶ 14.)

5       While at the Minden airport, Mendenhall observed Marr in a brief discussion with
6 Wulfkuhle. (Decl. of Mendenhall (# 50) ¶¶ 21.) Marr appeared to be agitated. *Id*. However,
7 Mendenhall had no interest in the discussion and attached no significance to the discussion when
8 he reviewed Marr's request for pilot certification. *Id*. Wulfkuhle did not speak to Mendenhall
9 regarding Marr until he was notified of this lawsuit. (Decl. of Wulfkuhle (# 51) ¶ 18.)

10 **B. Legal Standard**

11       Summary judgment is appropriate only when "the pleadings, the discovery and disclosure
12 materials on file, and any affidavits show that there is no genuine issue as to any material fact and
13 that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a
14 motion for summary judgment, the evidence, together with all inferences that can reasonably be
15 drawn therefrom, must be read in the light most favorable to the party opposing the motion.
16 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne*
17 *v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

18       The moving party bears the burden of informing the court of the basis for its motion, along
19 with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,
20 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party
21 must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could
22 find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.
23 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001). For
24 those issues where the moving party will not have the burden of proof at trial, the movant must
25 point out to the court "that there is an absence of evidence to support the nonmoving party's case."
26

*Celotex Corp.,* 477 U.S. at 325.

In order to successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**B. Discussion**

Wulfkuhle and Mendenhall argue summary judgment is appropriate because there is no factual basis to support any of Marr's causes of action. Wulfkuhle and Mendenhall specifically argue that neither defendant had any role in Marr's termination. Marr opposes summary judgment arguing a reasonable juror could conclude Wulfkuhle and Mendenhall were part of an agreement to bring harm to Marr's career.[5]

Marr's Second Amended Complaint states causes of action for conspiracy and First Amendment retaliation against Mendenhall and Wulfkuhle. As previously discussed, a conspiracy claim pursuant to § 1983 requires a plaintiff to show an agreement or meeting of minds to violate his constitutional rights. *Franklin v. Fox*, 312 F.3d at 441. In this case, there is no evidence of any such agreement.

---

[5] With the exception of the Declaration of Marr, Marr has not properly authenticated any of the exhibits attached to his opposition. Thus, the court cannot consider these exhibits in ruling on summary judgment. *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

7

Prior to being informed of Marr's termination, Mendenhall had no conversations or correspondence regarding Marr's employment.  (Decl. of Mendenhall (# 50) ¶¶ 21.)  Similarly, Wulfkuhle had no role in any proceedings concerning Marr's termination from employment.  (Decl. of Wulfkuhle (# 51) ¶ 25.)

In opposing summary judgment, Marr argues that a jury could infer an agreement by conduct.  The conduct allegedly supporting an inference of an agreement is contained in the declaration of Marr.  The declaration of Marr indicates that state officials and federal inspectors had never before come to the airport together.  (Opp'n to Mot. to Dismiss/for Summ. J. (# 57), Decl. of Marr.)  Marr further indicates that a federal agency had never refused to accept the certification of another agency's inspection for federal flights.  *Id*.  Next, Marr states a federal agent had never before indicated that an inspection was needed due to past problems.  *Id*.  Marr contends that Mendenhall had never questioned his flight hours before when they were below one hundred.  *Id*.  Finally, Marr asserts that he had previously never been accused of accosting a federal officer.  *Id*.

The court finds Marr's statements insufficient to show an agreement by conduct.  No reasonable jury could conclude that Mendenhall and Wulfkuhle were part of a conspiracy to violate Marr's constitutional rights based on the evidence presented by Marr.  Wulfkuhle has specifically indicated that he had no knowledge of any statements, comments, correspondence, or other speech-related activities by Mar.  (Decl. of Wulfkuhle (# 51) ¶ 26.)  Similarly, Mendenhall has indicated that, other than seeing a newspaper article after Marr's termination, he is not aware of any statements, correspondence, or speeches made by Marr concerning Forestry aviation operations.  (Decl. of Mendenhall (# 50) ¶¶ 21.)

Mendenhall and Wulfkuhle's lack of knowledge regarding Marr's alleged speech also defeats Marr's First Amendment retaliation claim against these defendants.  To succeed on a First Amendment retaliation claim, Marr must show his alleged protected speech was a substantial motivating factor for an adverse employment action.  *See Ulrich v. City & County of San*

*Francisco*, 308 F.3d 968, 976 (9th Cir. 2002) (citing *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000)).  Here, Marr has failed to rebut the properly supported motion for summary judgment.[6]  The evidence shows that the actions of Mendenhall and Wulfkuhle were taken without knowledge of any speech related activities of Marr.

IT IS THEREFORE ORDERED that Mendenhall and Wulfkuhle's Motion for Dismissal or, in the Alternative, for Summary Judgment (# 49) is hereby GRANTED.

The Clerk of the court shall enter judgment in favor of these two defendants.

IT IS SO ORDERED.

DATED this 8th day of May, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[6] Marr appears to request additional discovery pursuant to Rule 56(f).  *See* (Opp'n to Mot. to Dismiss/for Summ. J. (# 57) at 4.)  "A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."  *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (citations omitted).  Marr has failed to provide such an affidavit.  As such, the court will not allow additional discovery related to the motion for summary judgment.

9